|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **EASTERN DISTRICT OF CALIFORNIA** | |

| | | |
|---|---|---|
| CHUE XIONG, | ) | Case No.: 1:17-cv-0910 - JLT |
| Plaintiff, | ) ) | ORDER TO SHOW CAUSE WHY SANCTIONS |
| v. | ) ) | SHOULD NOT BE IMPOSED FOR DEFENDANT'S FAILURE TO COMPLY WITH |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) | THE COURT'S ORDER |
| Defendant. | ) ) | |

On February 12, 2018, the Court granted Defendant's request for an extension of time to respond to Plaintiff's confidential letter brief. (Doc. 16 at 1) The Court ordered Defendant to respond to the letter brief no later than March 8, 2018. (*Id.*) To date, Defendant has not filed proof of service of the Commissioner's response to the letter brief.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may issue sanctions for a party's failure to obey a court order. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (issuing terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (sanctions for failure to comply with a court order).

Accordingly, Defendant is **ORDERED** to show cause within fourteen days of the date of service of this Order why sanctions should not be imposed for failure to follow the Court's order. In the alternative, serve a response to Plaintiff's confidential letter brief and file proof of service with the Court.

IT IS SO ORDERED.

Dated: **March 13, 2018**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE